## CABLE COMPANIES
*v.*
## PUBLIC SERVICE COMMISSION OF PORTO RICO.

---

San Juan, Equity, No. 1009.

SUIT AGAINST PORTO RICO.

**Public Service Commission—Suit Against.**
The Public Service Commission of Porto Rico stands in a position similar to that of the Railroad and similar Commissions in the states, and is liable to suit in a proper case.

Opinion filed April 9, 1918.

---

*Messrs. F. H. Dexter* and *J. B. Huyke* for plaintiffs.

NOTE.—Authorities passing upon the question as to whether action against public service corporation is an action against the state, are collated in a note in 44 L.R.A. (N.S.) 198.

Cable Cos. v. Public Service Commission.

*Mr. Howard L. Kern,* Attorney General, for defendant.

HAMILTON, Judge, delivered the following opinion:

The defendants have entered a special appearance, and moved to dismiss the case because they say that they are in effect the people of Porto Rico, and that the people of Porto Rico have not consented to be sued. The argument has assumed a wide scope, going somewhat into the merits of this application by the two cable companies between this island, the United States, and foreign countries, to prohibit the Public Service Commission from decreasing the cable rates 40 per cent below the present rates. The argument is made that it is depriving the plaintiffs of vested rights without due process of law in that the decrease is ultra vires the powers of the Commission and is confiscatory. It is argued, on the one hand, that the provision that the Interstate Commerce Act "shall not apply to Porto Rico" leaves the field open for the Public Service Commission to fix cable rates; and, on the other, that the cable rates now attempted to be fixed are not applicable to business in Porto Rico except to a very small extent.

It seems unnecessary at this time to pass upon the merits to this extent. The motion actually made relates only to a suit against the Public Service Commission, which body is provided for in § 38 of what is called the Jones Act, approved March 2, 1917. The exact point raised is that the Public Service Commission is the people of Porto Rico as a governing body, which cannot be sued without its consent. Porto Rico v. Rosaly y Costillo, 227 U. S. 270, 57 L. ed. 507, 33

Sup. Ct. Rep. 352. There seems, however, to be no substantial difference between the Public Service Commission of Porto Rico and the railroad or other public service commissions of the different states. The Federal cases are uniform that such bodies can be sued, and that they cannot be considered as representing the respective states creating them. Railroad Commission Cases, 116 U. S. 307, 29 L. ed. 636, 6 Sup. Ct. Rep. 334, 388, 1191; Reagan v. Farmers Loan & T. Co. 154 U. S. 362, 38 L. ed. 1014, 4 Inters. Com. Rep. 560, 14 Sup. Ct. Rep. 1047. See Insular Dock Co. v. P. J. Carlin Constr. Co. 8 Porto Rico Fed. Rep. 24 and 29. This is not at all passing upon the merits of the application; it is simply saying that the court has jurisdiction to pass upon the merits of the application when proof is introduced.

The motion is, therefore denied.

It is so ordered.